IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00472-DDD-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    CHRISHEENA SHANTE MCGEE,
     a/k/a CHRISTINA MARIUS

2.    SANDRA PIERCE BACON

      Defendants.

---

### Motion to Strike Testimony of Alexander Scoufis or, in the Alternative, for a *Daubert* Hearing

---

Defendant Chrisheena McGee, through undersigned counsel, moves to strike the testimony of Alexander Scoufis as his purported expert opinions do not meet the admissibility requirements of FRE 702 or comply with the disclosure requirements of Rule 16. In the alternative, Ms. McGee requests an evidentiary *Daubert* hearing.

### Mr. Scoufis' Expert Disclosure

On November 27, 2024, the government provided notice that it intends to present testimony of Alexander Scoufis at trial "as an expert on advance-fee and Ponzi schemes." *See* Ex. A, p. 8. In the section captioned "Summaries, Opinions, and Conclusions," the government states that Mr. Scoufis "will testify about the structure and regulation or financial markets and about definitions and common characteristics

1

of advance-fee and Ponzi schemes." *Id*. According to the disclosure signed by Mr. Scoufis, he "will describe how these schemes work, including testifying about the common characteristics of advance-fee and Ponzi schemes." *Id*. The government then lists 4 pages of bullet-point statements about "red flags" that are "often" or "common[ly]" seen in such schemes by "investigators" or "an examiner or regulator during audits and investigations." *Id*. at pp. 9-12. Per the disclosure, Mr. Scoufis will "apply these common characteristics" to the "discovery in this case" and "testify about red flags in communications and documents issued by the defendants and their companies." *Id*. at 12. Nowhere in his disclosure does Mr. Scoufis identify the specific communications or documents he will seek to testify about in this case. Further, while Mr. Scoufis' disclosure also indicates that he will also seek to "testify about the significance of representations that are made to investors" and "explain that fabricated documents or misrepresentations help conceal and perpetuate fraud," again, no specific documents or misrepresentations are identified.

## General Legal Principles Related to Expert Opinions

The Federal Rules of Evidence contemplate that the trial court act in "a gatekeeping role" before a jury hears expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). In conducting a Rule 702 analysis, "[g]enerally, a Court 'first determine[s] whether the expert is qualified 'by knowledge, skill, experience or education' to render an opinion.' The Court then 'must demonstrate whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). The

2

proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *See* FRE 702.

*Federal Rule of Evidence 702*

Rule 702 was amended in 2023 to state that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Per the 2023 Amendment Notes, Rule 702 was amended in two respects. "First, the rule has been amended to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that *it is more likely than not* that the proffered testimony meets the admissibility requirements set forth in the rule." (emphasis added). The reason for that amendment is that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight not admissibility. These rulings are an incorrect application of Rules 702 and 104(a)."

Second, "Rule 702(d) has also been amended to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology. Judicial gatekeeping is essential

3

because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support."

*Expert Qualifications*

Testimony becomes "expert testimony" when it addresses topics that are "beyond the realm of common experience and … require the special skill and knowledge of an expert witness." *James River Ins. v. Rapid Funding, LLC,* 658 F.3d 1207, 1214 (10th Cir. 2011). In order to be qualified to render an expert opinion "a district court must determine if the expert's proffered testimony has a 'reliable basis in the knowledge and experience of his discipline.'" *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 883-84 (10th Cir. 2008).

*"Helping" the Trier of Fact*

Expert testimony must be "helpful," that is, relevant to be admissible. *See* FRE 702(a). "Relevant testimony must 'legally advance[] a material aspect of the case … and be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (citations omitted). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

To be helpful, an expert's opinion must also be based on facts that enable him to "express a reasonably accurate conclusion as opposed to conjecture or speculation." *Beck's Office Furniture and Supplies v. Haworth, Inc.*, 1996 WL 466673, at * 7 (10th Cir.

4

Aug. 16, 1996) (unpub.). Further "it is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Milne v. USA Cycling*, 575 F.3d 1120, 1134 (10th Cir. 2009) (quotation omitted). "[P]recedent is clear and unequivocal that the *ipse dixit* [or say so] of an expert, no matter how qualified he may be, is never enough to guarantee him a ticket to admissibility." *Graves v. Mazda Corp.*, 405 Fed. Appx. 296, 300 (10th Cir. 2010). Accordingly, the Tenth Circuit has consistently excluded expert testimony that was based on speculation. *See Jetcraft Corp. v. Flight Safety, Int'l*, 16 F.3d 362, 366 (10th Cir. 1999) (striking professional speculation).

*Product of Reliable Principles and Methods*

In considering whether a principle or method is reliable, relevant factors include: (1) whether the method has been tested; (2) whether the method has been published and subject to peer review; (3) the error rate; (4) the existence of standards and whether the witness applied them in the present case; and (5) whether the witness' method is generally accepted as reliable in the relevant medical and scientific community. *Daubert*, 509 U.S. at 594-95. "The district court is also to consider whether the witness' conclusion represents an 'unfounded extrapolation' from the data; whether the witness has adequately accounted for alternative explanations for the effect at issue; whether the opinion was reached for purposes of litigation or as the result of independent studies; or whether it unduly relies on anecdotal evidence." *United States v. Deleon*, 2021 WL 4171856, at *14 (D.N.M. Sept. 9, 2021) (unpub.). When an expert relies solely on experience, "the witness must be able to 'explain how that experience leads to the conclusions[s] [they] reach[], why that experience is a sufficient basis for

5

the[ir] opinion[s], and how that experience is reliably applied to the facts." *Becerra v. Schulz*, 499 F.Supp.3d 1142, 1150 (D. Wyo. 2020) (quotations omitted).

### The Government Has Not Met its Burden to Prove that Mr. Scoufis is Qualified to Testify About "Advance-Fee and Ponzi Schemes"

The government asserts that Mr. Scoufis is qualified to present expert testimony on "advance-fee and Ponzi schemes" based upon his experience as Counsel for the Criminal Prosecution Assistance Group ("CPAG") of the Financial Industry Regulatory Authority ("FINRA") since 2016, and his experience as an investigator in the Office of Fraud Detection and Market Intelligence at FINRA during 2015 and 2016. Ex. A, p. 8. The government notes that Mr. Scoufis' additional qualifications and experience are set forth in this curriculum vitae attached as Ex. B. However, nothing in Mr. Scoufis' disclosure or CV references or refers to any training on "advance-fee or Ponzi schemes." Nor does his CV indicate that his roles at FINRA provide him with knowledge, skill or experience related to advance-fee or Ponzi schemes. Simply put, the government has not provided any evidence that Mr. Scoufis has sufficient knowledge, skill, experience or training to form or testify under Rule 702 to expert opinions on those subjects.

### The Government Has Not Met its Burden to Prove that Mr. Scoufis' Testimony Will Help the Trier of Fact to Understand the Evidence or Determine a Fact in Issue.

Ms. McGee is charged with twelve counts of Wire Fraud (18 U.S.C. § 1343, 2(a)). (Doc. 1). To convict Ms. McGee, the government must prove beyond a reasonable doubt that she: (1) devised or intended to devise a scheme to defraud; (2) acted with specific intent to defraud; (3) used or caused another to use interstate wire communications facilities for the purpose of carrying out the scheme; and (4) the scheme employed false

6

or fraudulent pretenses, representations or promises that were material. *See* Criminal Pattern Jury Instructions of the Tenth Circuit, § 2.57 (2021) (updated July 14, 2023).  The indictment defines the scheme as occurring between May 2019 and March 2021. (Doc. 1, p. 2). The materially false or fraudulent pretense, representation or promise is identified as:

> that MCGEE has sources of money available to obtain large capital loans for entities seeking the loans after Victims deposited a lesser amount as an advance fee to an escrow account managed by BACON, and that MCGEE and BACON would safely keep the money in escrow until the loan was funded (herein after referred to as "the Advance-Fee Scheme")

*Id*. None of the purported expert opinions of Mr. Scoufis will be helpful to the jury in determining these elements or understanding the evidence in this case in general.

As an initial matter, Mr. Scoufis' purported expert opinions do not relate to the facts of this case. While the disclosure indicates Mr. Scoufis "will apply the common characteristics" and "testify about red flags in communications and documents issued by the defendants and their companies," Ex. A, p. 12, that either has not yet be done or has not been provided. Without that information, neither Ms. McGee nor the Court can evaluate the admissibility of specific opinions under Rule 702. Mr. Scoufis' proposed testimony should be excluded based on the government's failure to comply with Rule 702 or the Court's December 18, 2023 Order. (Doc. 19, p. 2).

Further, based on the general categories of testimony that the government identifies in the disclosure, it does not appear that even specific opinions in those categories would be helpful to the jury.  The scheme to defraud alleged in this case is not so complicated that it is outside of the ken of the average juror necessitating expert

7

testimony. The allegations are that Ms. McGee, together with Ms. Bacon, lied to certain individuals about their ability to obtain large loans, received advance fees from those individuals to secure the loans, and then withdrew those funds from the escrow account without ever providing the promised loans. Determining whether or not that occurred is within the knowledge of the average juror and testimony about how or when investigators may suspect financial fraud has occurred in other instances will not assist jurors in this case.

### The Government Has Not Met its Burden to Prove that Mr. Scoufis' Testimony is Based on Sufficient Facts or Data

In the section entitled "Bases and Reasons for Opinions," Mr. Scoufis states as follows:

> Mr. Scoufis will draw upon publicly available data, data and research available to FINRA staff, his training as a FINRA investigator and attorney, his experience from prior investigations, and his review of the discovery in this case.

Ex. A, p. 8. However, Mr. Scoufis does not identify what "publicly available data" or "data and research available to FINRA staff" he allegedly based his opinions on. Nor does he describe, or even list, any training or experience that is relevant to the subjects on which he seeks to opine. While Mr. Scoufis seeks to testify about "common characteristics of advance-fee and Ponzi schemes," he does not identify any basis for how he, or any other experts or investigators in this field, determined these are in fact "common characteristics" that can properly been considered in reaching an expert opinion. As no such information has been provided, the government has failed to meet its burden to prove any purported expert opinions are based on sufficient facts or data.

8

**The Government Has Not Met its Burden to Prove that Mr. Scoufis' Testimony is the Product of Reliable Principles and Methods or that Any Such Principles or Methods Were Reliably Applied.**

While Mr. Scoufis does not identify it as such, it appears that the principle and method he purports to use in this case involves "apply[ing] these common characteristics of advance-fee and Ponzi schemes to the discovery in this case" and then "testify[ing] about red flags in communications and documents issued by the defendants and their companies." Ex. A, p. 12. As noted above, Mr. Scoufis has not identified any source (including training or experience) from which he gleaned these "common characteristics." Nor has he identified any peer-reviewed literature or other guidance that identifies these "common characteristics." Because the government has not identified any discernable source for these common characteristics, it cannot have met is burden to prove any principle or method purportedly used by Mr. Scoufis is reliable. Further, because the government has not identified the specific communications, documents or alleged misrepresentations he intends to testify about, *see* Ex. A, p. 12, it likewise cannot have demonstrated that any principle or method was reliably applied.

## Conclusion

Ms. McGee respectfully requests the Court strike the testimony of Mr. Scoufis in its entirety as the government has failed to demonstrate its admissibility under Rule 702 or comply with Rule 16. In the alternative, Ms. McGee requests that the Court conduct a *Daubert* hearing.

Dated: December 13, 2024.

Respectfully submitted,

*s/Marci G. LaBranche*
Marci G. LaBranche
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone/Fax:   720.689.8909
Email:   labranche@slhlegal.com
*Attorney for Chrisheena McGee*


**Certification of Compliance:** I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Marci G. LaBranche*
Marci G. LaBranche


### Certificate of Service

I certify that on December 13, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Craig Gordon Fansler
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
craig.fansler2@usdoj.gov

Bryan D. Fields
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
bryan.fields3@usdoj.gov


*s/ Nancy Hickam*
Nancy Hickam, Paralegal

10