IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00472-DDD-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CHRISHEENA SHANTE MCGEE,
     a/k/a CHRISTINA MARIUS

2.     SANDRA PIERCE BACON

        Defendants.

_____

**Motion to Preclude Expert Testimony of Lindsay Fryer or, in the Alternative, Request to Reserve Objection Until After Receipt of Summary Charts**
_____

Defendant Chrisheena McGee, through undersigned counsel, moves the Court to preclude the testimony of Lindsay Fryer because her purported lay opinions appear to be based on technical and specialized knowledge within the scope of Rule 702. In the alternative, Ms. McGee requests to reserve any objection to the testimony of Lindsay Fryer until the summary charts are disclosed.

## Lindsay Fryer Witness Disclosure

On November 27, 2024, the government provided notice that it intends to present testimony of Lindsay Fryer as a lay witness at trial. Ex. A, p. 14. According to the government, Ms. Fryer "will simply relay her percipient observations of documents she

personally reviewed, and the arithmetic used to summarize bank transactions." Ex. A, p. 2.

Ms. Fryer is a forensic accountant employed by the Federal Bureau of Investigation and assigned to the Complex Financial Crimes Squad. Ex. A, p. 14. She holds a certified public accountant license and various specialist credentials in the areas of anti-money laundering and fraud examination. Ex. A, p. 14. Ms. Fryer performed financial analysis on "thousands of pages of financial records, including bank and credit union records" in this case and created summary charts based on her review. Ex. A, p. 2, 15. These summary charts have yet to be disclosed. *See* Ex. A, p. 15. It is impossible to determine whether Ms. Fryer's summary charts and her anticipated testimony about them cross over into the realm of Federal Rule of Evidence 702 without having an opportunity to review the charts and determine how they were put together.

In the section titled *Summaries, Opinions, and Conclusions* of the government's disclosure it appears that Ms. Fryer's summary charts and testimony expand beyond what is permitted of a lay witness under Rule 701. As described by the government, Ms. Fryer is anticipated to testify "she followed funds as they passed through several bank accounts to determine the disposition of specific victim funds deposited into First Title, Inc. bank accounts." Ex. A, p. 15. She will also provide, what the government describes as "lay opinion testimony about certain categories of transactions contained the bank records and explain why she associated transactions with certain individuals or categories." Ex. A, p. 16. No further information is provided as to how Ms. Fryer

categorized certain transactions or what supports her associations between various transactions and certain individuals or categories.

## Legal Principles Related to Lay Opinions

The Rules of Evidence permit a non-expert witness to testify "in the form of an opinion" that is limited to one "(a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Lay witnesses are typically allowed to provide "observations that are common enough and require a limited amount of expertise, if any." *United States v. Joseph*, 108 F.4th 1273, 1282 (10th Cir. 2024) (quoting *James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1214 (10th Cir. 2011)). Courts have found the summarization of business records with simple arithmetic does not always involve or require expert testimony. *United States v. Hamaker*, 455 F.3d 1316, 1332 (11th Cir. 2006) (citing *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002)). That remains true even if the testifying witness happens to be a financial expert. *Caballero*, 277 F.3d at 1247.

However, the line between lay and expert testimony on mathematics including the analysis of voluminous financial records is not so easily drawn. "Testimony is no longer lay testimony, however, if it moves beyond basic mathematics by considering advanced topics or by requiring the selection of a mathematic methodology." *Joseph*, 108 F.4th at 1283. In *Joseph*, the government called a certified fraud examiner as a lay witness to explain the defendant's banking transactions. *Id.* at 1282. The witness

"provided a thorough summary of how [the defendant's] various transactions related to one another and illustrated how the relief funds went from issuance to being spent on personal expenses." *Id.* at 1283. The Tenth Circuit held the testimony "appears to be exactly the type of technical, or other specialized knowledge that is reserved for expert witnesses." *Id.* (internal quotations omitted). The witness had to choose between multiple possible methodologies for tracing bank funds and his testimony was based on a large-scale analysis of thousands of transactions across several different bank accounts to track the funds flowing across various accounts. *Id.*

The ultimate inquiry is whether the witness's testimony is based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Even if a witness applies primarily simple arithmetic or merely creates summary charts, her testimony may no longer be lay testimony when it considers advanced topics or expounds beyond "the realm of common experience." *Joseph*, 108 F.4th at 1283 (quoting *United States v. Draine*, 26 F.4th 1178, 1188 (10th Cir. 2022)).

### **Technical and Specialized Knowledge Appear Central to Fryer's Anticipated Testimony**

At present the government has not disclosed Ms. Fryer's summary charts, her "percipient observations," a description of Ms. Fryer's "categories" of transactions, or Ms. Fryer's reasons for associating various transactions with certain individuals or "categories." It is impossible for Ms. McGee to assess whether Ms. Fryer relied on technical or specialized knowledge in making these determinations without being disclosed this information. For this reason, Ms. McGee requests to reserve the right to

object to Ms. Fryer's testimony as expert testimony until after the government makes its disclosures. *See* Ex. A, p. 15.

Nonetheless, there are several portions of the government's current disclosure related to Ms. Fryer that strongly suggest her testimony will center around technical and specialized knowledge within the scope of Rule 702. First, the government notes that "Ms. Fryer's testimony is based on her education, training, and experience, as well as her review of the applicable materials noted herein." Ex. A, p. 15. Ms. Fryer is trained as a certified public accountant and holds special credentials in anti-money laundering and fraud examination. Ex. A, p. 14. According to the government Ms. Fryer's testimony is based, at least in part, on this specialized knowledge and training.

Second, Ms. Fryer has testified as an expert in three other prosecutions. Ex. A, p. 14–15. Based on the limited description provided by the government it appears that she testified to a similar review of financial records as in this case where the government has endorsed her as a lay witness.

Third, the government's disclosure indicates that "Ms. Fryer will testify she followed funds as they passed through several bank accounts to determine the disposition of specific victim funds deposited into First Title, Inc. bank accounts." Ex A, p. 15. And she "will also provide lay opinion testimony about certain categories of transactions contained in the bank records and explain why she associated transactions with certain individuals or categories." Ex. A, p. 16. These descriptions of Ms. Fryer's testimony exceed beyond simple arithmetic and the creation of summary exhibits. Indeed, the government has indicated that Ms. Fryer reviewed thousands of pages of

financial records from various bank accounts owned by at least 7 different individuals/entities. Ex. A, p. 2, 15. Ms. Fryer's testimony related to the tracing, categorization, and association of bank funds across several bank accounts and 7 different individuals/entities appears substantially similar to the testimony held by the Tenth Circuit to be expert testimony in *Joseph*. 108 F.4th at 1283.

## Conclusion

Ms. McGee respectfully requests the Court preclude the testimony of Lindsay Fryer because her purported lay opinions appear to be based on technical and specialized knowledge within the scope of Rule 702. In the alternative, Ms. McGee requests to reserve any objection to the testimony of Lindsay Fryer until the summary charts are disclosed.

Dated: December 13, 2024.

Respectfully submitted,

*s/Marci G. LaBranche*
Marci G. LaBranche
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone/Fax:  720.689.8909
Email:  labranche@slhlegal.com
*Attorney for Chrisheena McGee*

**Certification of Compliance:** I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                                 *s/ Marci G. LaBranche*
                                                 Marci G. LaBranche

### Certificate of Service

I certify that on December 13, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Craig Gordon Fansler
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
craig.fansler2@usdoj.gov

Bryan D. Fields
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
bryan.fields3@usdoj.gov

                                                 *s/ Nancy Hickam*
                                                 Nancy Hickam, Paralegal